**IN THE UNITED STATES DISTRICT COURT**
**IN AND FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**CHRISTOPHER SHAW,**

    **Plaintiff,**

v.                                                                                   Case No.

**JAMES E. ALBERTELLI, P.A. D/B/A ALAW,**

                                    **JURY TRIAL DEMANDED**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff CHRISTOPHER SHAW ("Shaw" or "Plaintiff") by and through undersigned counsel, brings this Complaint against the Defendant, JAMES E. ALBERTELLI, P.A. D/B/A ALAW ("Defendant"), and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Shaw is an individual over the age of 18 years old and is thus *sui juris*.

2. Shaw at all times relevant to the allegations herein reside in Hillsborough County, Florida.

3. Defendant is a Florida for profit corporation authorized to do business in Florida.

4. Although the Defendant's principal place of business is in Duval County, Florida, Shaw worked in the Defendant's Hillsborough County office.

5. The events or transactions out of which this claim arose occurred in Hillsborough County, Florida.

## JURISDICTION AND VENUE

6. This is an action under federal law; specifically, the Americans with Disabilities Act of 1990, as amended ("ADA") 42 U.S.C. § 12101 *et seq.*, and related state and local law claims.

7. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the United States District Court, Middle District of Florida, pursuant to 28 U.S.C. § 1391(b)(2) as the events or transactions out of which this claim arose occurred in Hillsborough County, which is located within the Middle District of Florida.

9. Furthermore, the Tampa Division is the proper division. M.D. Fla. Loc. R. 1.02(b)(4).

## GENERAL ALLEGATIONS

10. Shaw was employed by Defendant from approximately August 2016 to on or about January 13, 2017 as an attorney.

11. During that time, Shaw performed well in Defendant's organization, meeting and/or exceeding expectations of him.

12. Shaw is an individual with a handicap/disability; that is, he suffers from a physical infirmity that impacts his major life functions, such as working, sleeping, and eating.

13. To wit: Shaw suffers from major depressive disorder and anxiety disorder, which qualify as a disability under 29 C.F.R. § 1630.2(j)(3)(iii).

14. As a result of Defendant's unlawful conduct, described *infra*, Shaw has had to retain counsel to represent his rights, and, as such, is obligated to pay attorneys' fees and costs to the undersigned for legal services.

15. Shaw has completed all conditions precedent and/or administrative prerequisites for the claims herein. (Exhs. A and B.)

## COUNT I (FLORIDA CIVIL RIGHTS ACT-HANDICAP DISCRIMINATION)

16. Shaw reaffirms and realleges paragraphs 1-15, above.

17. Defendant is, and was at all relevant times, an employer within the meaning of chapter 760, *Florida Statutes*.

18. Defendant employed 15 or more employees at all relevant times.

19. Shaw was an employee of Defendant within the meaning of chapter 760, *Florida Statutes*.

20. As an individual with a handicap, Shaw is in a protected class within the meaning of the Florida Civil Rights Act of 1992 ("FCRA").

21. Despite his handicap, Shaw was able to perform the essential functions of his job with the Defendant, either with or without a reasonable accommodation.

22. On or about January 3, 2017, Shaw informed his supervising attorney of his handicap.

23. Shaw was terminated from his employment with Defendant on January 13, 2017.

24. Thus, Shaw was terminated after the Defendant obtained actual knowledge of Shaw's handicap.

25. The Defendant either incorrectly perceived that Shaw would not be able to perform the essential functions of his job, or simply determined that it did not want to employ someone with a handicap.

26. In terminating Shaw's employment, the Defendant discriminated against Shaw on the basis of Shaw's handicap.

27. As a direct and proximate result of the Defendant's actions, Shaw suffered damages, continues to suffer damages, and anticipates that these damages will continue into the indefinite future.

28. As a law firm, the Defendant knew or should have known that terminating an individual because of a handicap is unlawful; therefore, the Defendant's actions were willful and/or malicious, in that the Defendant acted with reckless disregard for Shaw's rights under state law.

WHEREFORE, Shaw demands that the Court enter judgment against Defendant for the following:

    a. Lost wages (back pay);

    b. Reinstatement or front pay;

    c. Compensatory damages;

    d. Punitive damages; and,

    e. Shaw's reasonable attorneys' fees and costs.

## COUNT II (ADA DISCRIMINATION)

29. Shaw reaffirms and realleges paragraphs 1-15 and 21-23, above.

30. Defendant is, and was at all relevant times, an employer within the meaning of the ADA and related Americans with Disabilities Act Amendments Act of 2008.

31. Defendant employed 15 or more employees at all relevant times.

32. Shaw was an employee of Defendant within the meaning of the ADA.

33. As an individual with a disability, Shaw is in a protected class within the meaning of the ADA.

34. Despite his disability, Shaw was able to perform the essential functions of his job with the Defendant, either with or without a reasonable accommodation.

35. Shaw was terminated after the Defendant obtained actual knowledge of Shaw's disability.

36. The Defendant either incorrectly perceived that Shaw would not be able to perform the essential functions of his job, or simply determined that it did not want to employ someone with a disability.

37. In terminating Shaw's employment, the Defendant discriminated against Shaw on the basis of Shaw's disability.

38. As a direct and proximate result of the Defendant's actions, Shaw suffered damages, continues to suffer damages, and anticipates that these damages will continue into the indefinite future.

39. As a law firm, the Defendant knew or should have known that terminating an individual because of a handicap is unlawful; therefore, the Defendant's actions were willful and/or malicious, in that the Defendant acted with reckless disregard for Shaw's federally-protected rights.

WHEREFORE, Shaw demands that the Court enter judgment against Defendant for the following:

    a. Lost wages (back pay);

    b. Reinstatement or front pay;

    c. Compensatory damages;

    d. Punitive damages; and,

    e. Shaw's reasonable attorneys' fees and costs.

## COUNT III (HANDICAP DISCRIMINATION IN VIOLATION OF THE CITY OF TAMPA HUMAN RIGHTS ORDINANCE)

40. Shaw reaffirms and realleges paragraphs 1-15 and 21-27, above.

41. At all times relevant hereto, the Defendant employed 5 or more individuals who worked at least 30 hours per week in each of the 13 or more calendar weeks in 2017 and/or the preceding year.

42. Thus, the Defendant was Shaw's "employer" within the meaning of the City of Tampa Human Rights Ordinance ("the Ordinance").

43. The Defendant operates its business at a location within the City of Tampa's city limits and is therefore subject to the Ordinance's prohibition on handicap/disability discrimination.

44. Shaw was discriminated against on the basis of his handicap/disability within the meaning of the Ordinance.

45. As a law firm, the Defendant knew or should have known that terminating an individual because of a handicap is unlawful; therefore, the Defendant's actions were willful and/or malicious, in that the Defendant acted with reckless disregard for Shaw's rights, as protected by the Ordinance.

WHEREFORE, Shaw demands that the Court enter judgment against the Defendant for the following:

a. Back wages and benefits;

b. Reinstatement or front pay;

c. Emotional distress, including mental anguish, pain, suffering, and loss of the ability to enjoy life;

d. Declaratory and injunctive relief;

   e.   Attorneys' fees and costs;

   f.   Pre-judgment interest;

   g.   Punitive damages; and

   h.   Any other relief the Court deems just and proper.

## JURY TRIAL DEMAND

The Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 26th day of September, 2019.

                                        **/s/ Shaina Thorpe**
                                        SHAINA THORPE
                                        Florida Bar No. 0055464
                                        Primary:  shaina@thorpelawyers.com
                                        Secondary:  angel@thorpelawyers.com

                                        **THORPE & THORPE, P.A.**
                                        1228 East 7th Ave. Suite 200
                                        Tampa, Florida 33602
                                        Telephone: (813) 400-0229
                                        Fax: (813) 944-5223

                                        *Counsel for Plaintiff Christopher Shaw*